UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA M. LINDSEY-MOORE,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF ENERGY,
LABOR & GROWTH,

    Defendant.
_____/

Case No.  11-14629

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court on Defendant State of Michigan Department of Energy, Labor & Economic Growth's[1] motion to dismiss.  For the reasons set forth below, Defendant's motion is GRANTED.

**I.**    **Facts**

Plaintiff suffers from impairments related to the respiratory system, including bronchial asthma and allergies with a severe chemical sensitivity to perfumes as well as any other scented substances such as cleaning compounds, body lotion, aftershave cologne, hand cream, hairspray, or deodorant.  (Compl. ¶ 6.)  Plaintiff became ill as a result of repeated exposure to chemicals at work and made informal and formal requests for an ADA accommodation.  (Compl. ¶¶ 15-23.)  Defendant provided Plaintiff with an air purifier, but

---

[1] This department has been reorganized and renamed.  It is now known as the Department of Licensing and Regulatory Affairs.

Plaintiff contends that this failed to significantly reduce her chemical exposure at the workplace. (Compl. ¶ 24.)

Plaintiff suffered severe respiratory distress, forcing her to take eight-months medical leave from work. (Compl. ¶ 26.) In January, 2010, upon returning to work, Plaintiff was subjected to increasingly hostile, negative, and demeaning comments from her supervisor, as well as formal write-ups and counseling memos and a "Needs Improvement Performance Evaluation." (Compl. ¶ 28.) On April 22, 2010, Plaintiff resigned because of Defendant's refusal to accommodate her needs and Defendant's retaliation against her for the complaints she had made. (Compl. ¶¶ 30-31.)

Plaintiff filed a charge with the EEOC, which was dismissed on July 20, 2011. (Compl. ¶ 31.) On October 20, 2011, Plaintiff filed a complaint with three counts against Defendant: (1) violation of the ADA for failure to accommodate, (2) violation of the ADA for retaliation, and (3) violation of Michigan's Persons with Disabilities Act ("MPWDA") for failure to accommodate and retaliation.

**II.  Standard**

Subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction. *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). When a defendant challenges subject matter jurisdiction on a factual basis, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). "In reviewing a 12(b)(1) motion, the Court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by

affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003) (citation omitted).

### III. Analysis

Defendant argues that Plaintiff is barred from bringing this action in this Court because Defendant has immunity under the Eleventh Amendment and Plaintiff has not exhausted her administrative remedies.

#### A. Eleventh Amendment

Defendant argues the Plaintiff's claims brought under the ADA and PWDCRA are barred by the Eleventh Amendment. The Eleventh Amendment of the United States Constitution provides, "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." This means that a state cannot be sued in federal court without its consent. *Alabama v. Pugh,* 438 U.S. 781 (1978); *Pennhurst State Sch. & Hosp v. Halderman,* 465 U.S. 89, 99-101 (1984); *Carten v. Kent State Univ.*, 282 F.3d 391, 397 (6th Cir. 2002).

The Eleventh Amendment is a bar to lawsuits against states, state agencies or state departments unless specifically overridden by an act of Congress, or unless the state has consented to be sued. *Alabama*, 438 U.S. at 781-782. The Supreme Court has consistently ruled that a claim under the employment provisions of the ADA is barred by the Eleventh Amendment. *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001). A state-law claim brought into a federal court under pendant jurisdiction is protected by the Eleventh Amendment and neither pendent jurisdiction nor any other basis of jurisdiction

may override that protection. *Pennhurst*, 465 U.S. at 121.

Unlike subject-matter jurisdiction, a State may waive Eleventh Amendment sovereign immunity through its own conduct: by legislation, by removing an action to federal court, or by appearing without objection and defending on the merits. *Nair* v. *Oakland Co. Comm. Mental Health Auth.*, 443 F.3d 469 (6th Cir. 2006); *see also Ku* v. *State of Tennessee*, 322 F.3d 431 (6th Cir. 2003) (state agency waived its Eleventh Amendment immunity by voluntarily intervening in a case). "In order for a state statute or constitutional provision to constitute a waiver of Eleventh Amendment immunity; it must specify the state's intention to subject itself to suit in federal court." *Atascadero State Hosp. v Scanlon*, 473 U.S. 234, 241 (1985).

In this case, Plaintiff argues that Defendant:

> promulgate[s] comprehensive policies that do not simply grant its employees the benefits of [the ADA], but also *require[s]* its employees to comply with the *obligations* necessary to asserting rights under those statutes. It is inconsistent for the State to explicitly agree to be bound by the ADA while at the same time denying its employees access to the forum charged with enforcing all federal statutes.

(Pl. Resp. 4-5.) This case, however, is not similar to any of the cases cited by Plaintiff where the courts determined that the State had waived its Eleventh Amendment immunity. Plaintiff argues that the reasoning in *Meyers ex rel. Benzing* v. *Texas* is relevant here, but in that case, the state defendant voluntarily subjected itself to suit in federal court by removing a class action under the ADA to federal court. *Meyers*, 410 F.3d 236, 247-248 (2005).

In this case, however, Defendants did not remove this action to federal court. Plaintiffs filed their claims in this Court and Defendant's first action in response (other than

4

its attorney filing an appearance) was filing this motion to dismiss for lack of subject matter jurisdiction. Defendant has done nothing to voluntarily invoke federal jurisdiction or to imply that it waives its Eleventh Amendment immunity.

The fact that Defendant informs its employees that they are entitled to the benefits of the ADA as well as responsible to comply with its obligations does not constitute a waiver of Eleventh Amendment immunity and Plaintiff has cited no authority that indicates otherwise. Likewise, Defendant's participation in the EEOC proceedings has no bearing on Defendant's right to assert immunity in a case brought in federal court.

Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

### B. Exhaustion of Administrative Remedies

The ADA requires a plaintiff to exhaust his administrative remedies by filing a complaint with the Equal Opportunity Commission and receiving a right-to-sue letter. 42 U.S.C. 12117(a). Defendant argues that Plaintiff provided no evidence that she received a right-to-sue letter from the EEOC or that she timely filed her complaint if she did, in fact, receive such a letter.

In her Complaint, Plaintiff states that the EEOC dismissed her charge on July 20, 2011 and that this lawsuit is filed within 90 days of Plaintiff's receipt of the Dismissal and Notice of Rights. Plaintiff attaches this form to her Response. (Pl. Resp. Ex. 3.) Plaintiff is in compliance with the ADA exhaustion of administrative remedies requirement.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.

5

          s/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated:  June 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 21, 2012, by electronic and/or ordinary mail.

          s/Carol A. Hemeyer
          Case Manager